O. L. MOON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNIE MOON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8674, 8675.   Promulgated March 2, 1927.

*John E. Hughes, Esq.,* for the petitioners.
*W. F. Gibbs, Esq.,* for the respondent.

LITTLETON: The Commissioner determined deficiencies of $1,395.89 against each of the petitioners for the calendar year 1920. Petitioners claimed that notes, amounting to $23,586.27, received by them

as part consideration upon the sale of certain real estate for $45,000 had no fair market value. The Commissioner treated the face value of the notes as income.

The proceedings were consolidated for hearing and decision.

### FINDINGS OF FACT.

Petitioners are residents of Mineral Wells, Tex. In 1920 they were the owners of certain property designated as the South one-third of Block 4 in the town of Breckenridge, Stephens County, Texas. In March, 1920, property valuations in Breckenridge were inflated and in that month petitioners sold this property to Fred Bottorff and Nelson Puitt for a total consideration of $45,000; of this amount $21,413.73 was paid in cash and five first-trust notes in equal amounts, payable six, twelve, eighteen, twenty-four and thirty months after date, respectively, with interest at 8 per cent, were given for the balance.

At the time of the sale of this property Bottorff and Puitt had reached the limit of their credit.

Petitioners acquired this property at a cost of $2,050 and made improvements costing $5,118, resulting in a total cost to them of $7,168. The Commissioner determined the total profit upon the sale at $37,832. The price at which petitioners sold the property was highly speculative. The fair market value of the trust notes received by them was 50 per cent of the face amount thereof.

> *Judgment will be entered on 15 days' notice, under Rule 50.*